Eastern District of Kentucky
FILED
SEP 15 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-567-KSF

RONEIL CORNELISON,     PETITIONER

V.     **OPINION & ORDER**

JAMES MOTLEY, Warden     RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

On December 22, 2004, petitioner Roneil Cornelison, by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1]. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b).

On July 28, 2005, the Magistrate Judge filed his proposed findings of fact and recommendation. [DE #9] The petitioner filed objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #12] and filed a motion to compel production of the state court record [DE #13].

The Court now addresses the petitioner's objections to the Magistrate Judge's findings [DE #12], and the petitioner's motion to compel [DE #13].

I. **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 15, 1998, the petitioner was indicted by a grand jury of the Madison Circuit Court and was charged with being involved in the beating of Ricky Noland during the early morning hours of November 4, 1997. This beating resulted in Ricky Noland's death.

The petitioner pled not guilty to this murder charge, proceeded to trial, was found guilty of murder as a Principal or an Accomplice in the death of Ricky Noland, and received a 30-year sentence.

The petitioner appealed his conviction to the Kentucky Supreme Court, and on February 24, 2000, the Kentucky Supreme Court affirmed the petitioner's conviction in an unpublished opinion. Subsequently, on October 26, 2000, the Kentucky Supreme Court denied the petitioner's motion to supplement and motion for rehearing.

On March 28, 2001, the petitioner, *pro se*, moved the trial court, pursuant to RCr 11.42 to vacate, set aside or correct his sentence. On October 16, 2001, the petitioner, by counsel, filed a supplemental motion to vacate judgment, pursuant to RCr 11.42, and memorandum of law in support thereof. In a 19-page Order entered on May 3, 2002, the trial court denied the petitioner's motion to vacate, set aside, or correct the sentence.

Petitioner appealed the denial of his RCr 11.42 motion to the Kentucky Court of Appeals. In an unpublished opinion rendered on October 17, 2003, the Kentucky Court of Appeals affirmed the trial court's denial of the petitioner's RCr11.42 motion. On March 10, 2004, the Kentucky Supreme Court denied the petitioner's motion for discretionary review.

Petitioner filed his federal habeas petition on December 22, 2004.

## II.     PETITION FOR WRIT OF HABEAS CORPUS

As grounds for his §2254 petition, the petitioner made four claims. The petitioner asserted (1) that he received ineffective assistance of counsel when his counsel failed to supplement the record with a high quality, intelligible video of the petitioner's invocation of his right to counsel in violation of the petitioner's constitutional rights under the Sixth and Fourteenth

2

Amendments to the United States Constitution; (2) the denial of suppression by the Madison Circuit Court and affirmed by the Supreme Court of Kentucky resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding; (3) the decision by the Supreme Court of Kentucky regarding the admission into evidence of the introduction of out-of-court, unsworn statements as substantive evidence against Cornelison was contrary to or involved an unreasonable application of clearly established federal law and denied him due process of law when those statements were introduced through the subterfuge of calling a witness for the sole purpose of impeaching that witness; and (4) the decision by the state court regarding the performance by trial counsel and prejudice to petitioner when counsel failed to protect the petitioner from improper bolstering of a critical government witness was contrary to or involved an unreasonable application of clearly established federal law and denied him effective assistance of counsel and due process of law.

### III. MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION

Magistrate Judge Todd recommends that the petitioner's habeas corpus petition be denied. In his findings of fact, the Magistrate Judge discusses each claim made by the petitioner.

First the Magistrate Judge explains that the test for proving ineffective assistance of counsel was established in Strickland v. Washington, 466 U.S. 668 (1984), which adopted the following two-part test. The movant must show (1) that counsel's performance fell outside the wide range of professionally competent assistance guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense so seriously that but for the alleged error of counsel, there is a reasonable probability that the result would have been different. Id. The Magistrate Judge found that the video used during the suppression hearing was sufficiently clear

for the Kentucky Supreme Court to determine that the petitioner's acts "were inconsistent and ambiguous acts," as noted by the trial court, and that it was not unreasonable for the detective to assume that the petitioner's question was an inquiry about his rights and not an invocation of his right to counsel. Therefore, the petitioner's argument that he was prejudiced because his counsel failed to supplement the record with a higher quality video of the petitioner's alleged invocation of his right to counsel fails to meet the burden of demonstrating actual prejudice, as required by Strickland.

Second, the Magistrate Judge addresses the claim that the trial court erred in denying the petitioner's motion to suppress the incriminating statement made to Detective Pedigo. The Magistrate Judge concluded that the Kentucky Supreme Court correctly assessed the record before it, including its review of the videotape of the petitioner's suppression hearing. Furthermore, the Magistrate Judge noted that a claim concerning the admissibility of evidence does not generally rise to a constitutional level, unless it was so egregious that a defendant was denied a fundamentally fair trial. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988). Therefore, given the remainder of evidence presented, the Magistrate Judge could not conclude that the petitioner was denied a fundamentally fair trial by the denial of his motion to suppress.

Third, addressing the petitioner's claim that the trial court erred in admitting the out-of-court, unsworn statements made by Reggie Moran to Carlos Igo, and that the admission of such statements denied him due process and a fair trial, the Magistrate Judge reiterated his contention that federal habeas corpus does not lie to review questions concerning the admissibility of evidence. Again, as a general rule, a claim concerning the admissibility of evidence does not rise to a constitutional level unless it was so egregious that a defendant was denied a fundamentally

4

fair trial. Cooper, 837 F.2d at 286. The Magistrate Judge based his conclusion on three facts. First, the Commonwealth laid the proper foundation by questioning Moran about the statements he made to Igo. Second, Moran categorically denied making any such statements to Igo. Finally, both Moran and Igo testified in court and were available under KRE 801(a)(1) and Jett v. Commonwealth, Ky., 436 S.W.2d 788 (1969).

Finally, the Magistrate Judge addressed the petitioner's claim that the testimony of Detective Tudor was improper bolstering of the testimony of Carlos Igo, a key prosecution witness. Noting that testimony that might otherwise appear to be bolstering in nature may be permissible or constitute harmless error when offered to counter an attack upon a witness's credibility, the Magistrate Judge concluded that the petitioner is not entitled to federal habeas relief on this claim. Lamastas v. Commonwealth, Ky.App., 878 S.W.2d 832 (1994).

## IV. PETITIONER'S OBJECTIONS TO PROPOSED FINDINGS OF FACT AND RECOMMENDATION

The petitioner filed objections to the Magistrate Judge's findings of fact and recommendation. These objections rest on two grounds. First, the petitioner states he received ineffective assistance of counsel when his counsel failed to supplement the record with a high quality, intelligible video of the petitioner's invocation of his right to counsel in violation of the petitioner's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution.

The petitioner comments on the Magistrate Judge's statement that the petitioner failed to provide the federal district court with the original video in question, but the Magistrate Judge further stated that the video of the suppression hearing, which included the playing of the video of

5

the petitioner's interrogation, was sufficiently clear for the Kentucky Supreme Court to make a determination regarding suppression. Therefore, the Magistrate Judge states that this Court is unable to find that the decision reached by the Kentucky Supreme Court would have been any different had the original tape been available.

Secondly, the petitioner objects because the denial of suppression by the Madison Circuit Court and affirmed by the Supreme Court of Kentucky resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The petitioner moves the Court to compel the respondent to obey the previous Court Order and for judicial review of the pretrial transcripts. The petitioner argues that the relevant transcripts of pre-trial and trial proceedings are not part of the record before this Court. The petitioner further argues that the Magistrate Judge has relied upon case law which has no relevance to his claim, in order to recommend dismissal of his petition.

## V.  ANALYSIS

The petitioner repeatedly contends that he had ineffective assistance of counsel. However, the two-part test for proving a claim of ineffective assistance of counsel does not seem to be satisfied by the petitioner's claims. The petitioner has not shown that he has been prejudiced so seriously that but for the alleged error of counsel, there is a reasonable probability that the result would have been different. <u>Strickland</u>, 466 U.S. 688. The trial court denied the motion to suppress the petitioner's incriminating statement, and concluded that the petitioner's questions were merely a clarification of his rights and not an invocation of his right to counsel. While the video may have been difficult to understand, the trial court reviewed the petitioner's statements and decided that "it was not unreasonable for the detective to assume, as he apparently did, that

the question was an inquiry from a defendant about his rights and not an invocation." While the petitioner inquired about having an attorney present, he did so while signing the waiver form and when asked whether his signing indicated his willingness to talk, he answered in the affirmative. Authorities are not constitutionally required to cease questioning when presented by an ambiguous request for counsel. See, Davis v. U.S., 512 U.S. 452 (1994)(citations omitted).

In addition, the petitioner's claim that the case law cited by the Magistrate Judge has no relevance to his claim is not well taken. The petitioner claims that the Magistrate Judge's recommendation was based upon an irrelevant legal principle because the cases on which the Magistrate Judge relied involved federal judicial review of alleged error in the application of state law, and the petitioner's right to counsel is a federal right and does not involve the application of state law. The cases relied upon by the Magistrate Judge are all Sixth Circuit or United States Supreme Court cases. These cases address the issue that federal habeas corpus does not exist to review questions concerning the admissibility of evidence. See, Estelle v. Maguire, 502 U.S. 62 (1991). The admissibility of evidence does not rise to a level of constitutional magnitude unless the error was "so egregious that a defendant was denied a fundamentally fair trial." Cooper. The Magistrate Judge concluded that the petitioner had not been denied a fundamentally fair trial and therefore was not entitled to federal habeas relief. The Court agrees with the Magistrate Judge's conclusions and his reliance on relevant case law.

For these reasons, the proposed findings of fact and recommendation of Magistrate Judge Todd will be adopted by the Court.

7

VI. **PETITIONER'S MOTION TO COMPEL PRODUCTION OF STATE COURT RECORD**

The petitioner in this action filed a motion to compel the respondent to produce the state court record in this case. In support of this motion, the petitioner claims that the respondent did not comply with Magistrate Judge Todd's Order of December 28, 2004, that directed respondent to file all relevant transcripts that related to the allegations in the petition. The petitioner argues that the respondent failed to include relevant transcripts of the proceedings which bear upon the allegations in the petition.

The respondent has filed a response to this motion. However, the Court will not address the merits of this claim and it will be denied as moot.

VII. **CONCLUSION**

Based on the foregoing, and this Court being otherwise fully and sufficiently advised HEREBY ORDERS that the Magistrate Judge's Proposed Findings of Fact and Recommendation [DE #9] is ADOPTED IN FULL as and for the Opinion of the Court; and Judgment will be entered contemporaneously with this Order.

This 15 day of September, 2005.

*KSF*
KARL S. FORESTER, SENIOR JUDGE

8